UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Momodu Babu Sesay,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 16-265(1) ADM/HB

_____

Momodu Babu Sesay, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Momodu Babu Sesay's ("Sesay") pro se Motion [Docket No. 552] for release due to the COVID-19 pandemic. For the reasons set forth below, the Motion is denied.

## II. DISCUSSION

On February 28, 2017, Sesay entered a plea of guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349. Plea Agreement [Docket No. 222]. In the Plea Agreement, Sesay admitted to manufacturing counterfeit checks in a conspiracy resulting in losses of over $1.4 million to federally insured financial institutions. Id. at 1–3.

Sesay was sentenced to a prison term of 63 months. Sentencing J. [Docket No. 424] at 2. He appealed his sentence, and the Eighth Circuit affirmed. Eighth Cir. Op. [Docket No. 523]; Eighth Cir. J. [Docket No. 524]; Mandate [Docket No. 529]. Sesay is incarcerated at the Federal Medical Center in Pekin, Illinois ("FMC–Pekin"). His projected release date is May 9, 2022. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last accessed June 15, 2020).

Sesay now seeks a court order requiring the BOP to place him on home confinement for the rest of his sentence "due to the coronavirus and because of [his] health condition." Mot. at 1. Sesay provides no information on the nature or extent of his health condition.

Sesay's request for an order requiring the BOP to place him on home confinement is denied. The authority to determine the placement of prisoners rests solely with the BOP. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."); United States v. Walker, No. 16-331(1)(DWF), 2020 WL 2490101, *2 (D. Minn. May 14, 2020) ("[T]he BOP has exclusive authority to determine the placement of prisoners."). The BOP's exclusive authority over prisoner placement includes decisions about home confinement. Specifically, 18 U.S.C. § 3624(c)(1) provides:

> Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. *The Bureau of Prisons* shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph. (Emphasis added).

On April 3, 2020, Attorney General William Barr exercised his authority under Section 12003(b)(2) of the CARES Act, Pub. L. No. 116-136, to expand the group of inmates who the BOP may consider for home confinement to include all inmates with COVID-19 risk factors. See Memorandum for Director of Bureau of Prisons, https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf (last accessed June 16, 2020). Nevertheless, the authority to decide whether to place an inmate on home confinement remains with the BOP. Walker, 2020 WL 2490101, at *2 (D. Minn. May 14, 2020); United States v. Brown, No. 12-72(3) (SRN), 2020 WL 1922567, *2 (D. Minn. Apr. 21, 2020); United States v. James, No. 15-CR-255 (SRN), 2020 WL 1922568, *2 (D. Minn. Apr. 21, 2020); United States v. Yates, No. 15-40063-01, 2019 WL 1779773, *4 (D. Kan. Apr. 23, 2019) ("[I]t is

BOP—not the courts—who decides whether home detention is appropriate."). Accordingly, this Court lacks authority to order the BOP to place Sesay on home confinement.

To the extent Sesay's request can be construed as a motion for a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the request is denied without prejudice because the record does not show that Sesay has met the statute's exhaustion requirement. A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Sesay does not state whether or when he sought relief from the BOP.

Even if Sesay could show that the exhaustion requirement was satisfied, his request for a sentence reduction under § 3582(c)(1)(A) is denied for the additional reason that Sesay has not provided sufficient information for the Court to determine whether "extraordinary and compelling reasons" exist for reducing his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Sesay's Motion [Docket No. 552] for release is **DENIED**.

BY THE COURT:

   s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: June 16, 2020